■ HUNTER GOODRICH et al., Respondents, v TOWN OF SOUTHAMPTON et al., Defendants, and JOHN BELLINI, Appellant.—In an action *inter alia* to declare a zoning ordinance of the Town of Southampton, adopted May 2, 1972, invalid insofar as it affects the classification of defendant Bellini's property, said defendant appeals from a judgment of the Supreme Court, Suffolk County, dated February 26, 1975 and made after a nonjury trial, which declared the MF-44 zoning classification of said defendant's property and contiguous parcels invalid and permanently enjoined development of all said property pursuant to that classification. Judgment reversed, on the law, with costs, and the subject MF-44 classification of the zoning ordinance of the Town of Southampton is declared valid. The evidence disclosed that defendant Bellini purchased his property, consisting of about 10 acres, in the year 1951. At that time, it appeared that a duck farm had been in operation on the property for approximately 50 years. The Town of Southampton adopted its first zoning ordinance in 1957. Bellini's property was placed in an R-40 classification, permitting single-family use on lots of one acre or more. Bellini continued to operate the duck farm as a nonconforming use. The evidence revealed that in the 23 years the duck farm was operated by Bellini it expanded into a substantial commercial enterprise accommodating normally between 40,000 and 65,000 ducks, with all of the environmental problems incident to such a contaminating and odoriferous operation. After preliminary studies initiated about 1965, the town's planning consultants, in 1970, submitted a proposed master plan to the planning board of the town. The planning board thereafter recommended that the subject property be used as a park, and included this recommendation in the final plan proposed by it in 1970. However, purchase of the property was not pursued because the town did not have the funds available for that purpose. On May 2, 1972 the town adopted a new Building Zone Ordinance No. 26 in which the Bellini property was zoned MF-44. This classification permits

eight units per acre. Bellini has contracted to sell the subject property. A 78-unit residential development is planned on the property. We reject the claim that the town's MF-44 zoning of Bellini's property was either "spot", "contract", or "expediency" zoning. Rather, we hold it was in accordance with the town's lawful zoning power and consistent with, and in furtherance of, its master plan and comprehensive plan. The town's action was legislative in nature and on the facts in this case must be upheld *(Rodgers v Village of Tarrytown,* 302 NY 115, 121). Rabin, Acting P. J., Latham, Christ and Brennan, JJ., concur; Cohalan, J., not voting.